UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ST. VINCENT MEDICAL GROUP, INC. d/b/a ASCENSION MEDICAL GROUP - INDIANA, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. _____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff, St. Vincent Medical Group, Inc. d/b/a Ascension Medical Group - Indiana ("AMG"), by counsel, hereby files its Complaint against the United States Department of Justice (the "DOJ"), and in support thereof, states as follows:

### I.   INTRODUCTION

1. This matter originates by way of litigation pending in the Hamilton County, Indiana Circuit Court, *Timothy J. Story, M.D. v. St. Vincent Medical Group, Inc. d/b/a Ascension Medical Group – Indiana*; Cause No. 29C01-2105-PL-003135 (the "State Court Matter") filed by Dr. Story in March 2021. Prior to commencement of that suit, AMG learned from DOJ personnel, DEA Diversion Investigator, Andrew Ratcliff, and Assistant United States Attorney, Brad Blackington, that the Drug Enforcement Agency ("DEA") was conducting an investigation. Based on communications from Mr. Ratcliff and Mr. Blackington, AMG learned that the investigation involved Dr. Story's practice in some manner, and it learned that the DEA had previously issued a subpoena to Dr. Story and that Dr. Story had provided AMG records to the government without providing notice to AMG of either the subpoena or his response. AMG engaged in its own internal

1

investigation and ultimately terminated Dr. Story's employment, which is the basis of the State Court Matter. In furtherance of its defense in the State Court Matter, AMG contacted the DOJ pursuant to its *Touhy* regulations requesting certain limited deposition testimony from Mr. Blackington and Mr. Ratcliff on a small list of topics. The DOJ denied AMG's request. Pursuant to the DOJ's *Touhy* regulations and controlling case law, AMG now challenges the DOJ's denial by filing this action against it in federal court under the Administrative Procedure Act ("APA").

## II.     PARTIES, VENUE, & JURISDICTION

2. AMG is a non-profit domestic corporation with its principal office address located at 250 West 96th Street, Indianapolis, Indiana 46260.

3. The DOJ is a federal executive department of the United States government generally tasked with the enforcement of federal law and administration of justice in the United States. The United States Attorney's Office for the Southern District of Indiana is located at 10 West Market Street, Suite 2100, Indianapolis, Indiana 46204.

4. Pursuant to the DOJ's *Touhy* regulations and controlling case law, this Court is the correct venue because the appropriate means to challenge a federal entity's denial of discovery in related state court litigation is to challenge the denial by filing a separate action under the APA in the federal district court encompassing the location of the dispute. *See* DOJ *Touhy* Regulations[1]; *Edwards v. U.S. Dep't of Just.*, 43 F.3d 312, 317 (7th Cir. 1994); *Taylor v. Gilbert*, No. 215CV00348JMSMJD, 2018 WL 1334935, at *1 (S.D. Ind. Mar. 15, 2018) ("If the agency refuses to produce the requested documents, the sole remedy for the state-court litigant is to file a collateral action in federal court under the APA.") (Citation and quotation omitted.)

---

[1] https://www.justice.gov/jm/jm-1-6000-doj-personnel-witnesses (last visited January 31, 2022).

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as it arises under the laws of the United States and under the APA (5 U.S.C. §§ 701-706) because the DOJ's denial of AMG's discovery request is a "final agency action for which there is no other adequate remedy in a court." *See* 5 U.S.C. § 704.

### III.   FACTUAL ALLEGATIONS

6. In August 2020, AMG learned initially from DEA Diversion Investigator Ratcliff and later from Assistant United States Attorney Blackington that the DEA was conducting an investigation that involved AMG's then-employee, Dr. Story.

7. Mr. Blackington and Mr. Ratcliff informed AMG that the DEA had previously issued a subpoena to Dr. Story and that Dr. Story had provided AMG's records to the government. This was AMG's first notice concerning this subpoena, as Dr. Story chose not to inform his employer of this development.

8. On August 5 and September 9, 2020, AMG received grand jury subpoenas from the DOJ seeking documents relating to its investigation.

9. AMG further conducted its own internal investigation of the DEA's inquiry. This investigation culminated with the termination of Dr. Story's employment with AMG.

10. Dr. Story had an employment agreement with AMG that, among other things, required him to notify AMG of any event that he should reasonably believe may have risk management or legal ramifications affecting his practice, AMG, or any St. Vincent facility.

11. As the State Court Matter Complaint shows, Dr. Story contends this provision was not triggered by the DEA subpoena to him.

12. AMG had a different view based on information supplied by Mr. Blackington and Mr. Ratcliff.

13. There is a conflict in the evidence in the State Court Matter between Dr. Story's testimony and testimony from AMG personnel concerning the nature and scope of the DOJ's investigation.

14. As such, the subject matter of the government's communications with Dr. Story or his counsel on the one hand and AMG personnel on the other hand is relevant and material to the State Court Matter.

15. Given the dispute in the evidence in the State Court Matter and due to certain privilege assertions and potential hearsay issues, the only mechanism for AMG to secure admissible evidence concerning the DOJ's communications with the parties to the State Court Matter is from Mr. Blackington and Mr. Ratcliff, directly.

16. On October 20, 2021, counsel for AMG contacted the DOJ pursuant to the *Touhy* regulations and requested the depositions of Mr. Blackington and Mr. Ratcliff regarding a limited scope of subjects such as:

   a. Their communications directly with Dr. Story;

   b. Their communications directly with Dr. Story's counsel, including concerning Dr. Story's response to the DEA document subpoena, Mr. Blackington's discussions with Barnes & Thornburg concerning a potential conflict of interest in their representation of Dr. Story, and the discussions about conducting an interview of Dr. Story; and

   c. Their communications directly with AMG personnel, including with respect to the various subpoenas served on Dr. Story and AMG and certain interviews of AMG personnel.

(A true and accurate copy of this correspondence is attached as **Exhibit A**.)

17. AMG clarified that there were certain subject matters *not* to be discussed during the deposition, such as:

   a. Any proceedings before any grand jury; and

      b.   Any internal communications between Mr. Blackington, Mr. Ratcliff, and other employees of the DOJ. (*Id.*)

18.    Two months later, on December 21, 2021, the DOJ responded confirming that Mr. Ratcliff had conversations with Dr. Story, his assistant, and his counsel. The DOJ also confirmed Mr. Blackington's participation in the underlying investigation. The DOJ, however, denied AMG's request to depose Mr. Ratcliff and Mr. Blackington, asserting grand jury secrecy, investigation, and work product privileges and privacy and relevancy concerns. (A true and accurate copy of this correspondence is attached as **Exhibit B**.)

19.    On January 6, 2022, counsel for AMG asked the DOJ to reconsider its position and whether the DOJ agreed that AMG satisfied its pre-suit obligations before filing suit in federal court under the APA. (A true and accurate copy of this email is attached as **Exhibit C**.)

20.    On January 18, 2022, the DOJ responded with additional information and reasoning but reaffirmed its denial of AMG's request to depose Mr. Blackington and Mr. Ratcliff. (A true and accurate copy of this correspondence is attached as **Exhibit D**.)

## IV.    LEGAL CLAIMS

**Count I: Appeal of the DOJ's Denial of Mr. Ratcliff and Mr. Blackington's Deposition**

21.    AMG incorporates all previous paragraphs as if fully set forth herein.

22.    On October 20, 2021 and again on January 6, 2022 (Exs. A & C), AMG requested to depose DOJ personnel, Mr. Ratcliff and Mr. Blackington.

23.    On December 21, 2021 and January 18, 2022 (Ex. B & D), the DOJ responded to AMG denying its requests.

24.    AMG has satisfied all regulatory requirements, and exhausted all administrative remedies, in its pursuit of deposition testimony from Mr. Blackington and Mr. Ratcliff, and the DOJ has conceded this is true. (*See* Ex. D at 3.)

25. In its denials, the DOJ failed to provide any valid reason why the deposition of Mr. Ratcliff would be improper pursuant to its *Touhy* regulations or otherwise. The DOJ's alleged privileges and concerns do not apply to the limited scope of topics to be inquired upon during the deposition, it relies upon privileges related to protecting documents which are irrelevant to a request for deposition testimony, and it otherwise fails to allege that these privileges apply to all information sought by way of the deposition. (*See e.g.,* Ex. D at 2 (alleging that "most," but not all, of the communications sought occurred under the context of an alleged privilege)).

26. Further, in the denials the DOJ's suggestion that AMG could obtain this information elsewhere is not an appropriate basis to deny the depositions because, in part, the avenues suggested by the DOJ are otherwise privileged or potentially inadmissible.

27. The DOJ's denials precluding AMG from obtaining relevant and admissible testimony from Mr. Blackington and Mr. Ratcliff are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, in violation of the APA. 5 U.S.C. § 706.

28. In the alternative, to the extent the DOJ's *Touhy* response is evaluated under the Federal Rules of Civil Procedure as opposed to the arbitrary and capricious standard of the APA, the DOJ is preventing the discovery of relevant information that is proportional to the needs of the State Court Matter.

29. AMG has been, and will continue to be, damaged by the DOJ's improper denials, as its ability to mount a complete defense in the State Court Matter may be impaired without the requested deposition testimony.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, St. Vincent Medical Group, Inc. d/b/a Ascension Medical Group - Indiana, by counsel, respectfully requests that the Court enter judgment in its favor and against

Defendant, the United States Department of Justice; and that the Court award relief to AMG, including but not limited to:

(a) An order setting aside the DOJ's December 21, 2021 and January 18, 2022 denials and requiring it to produce Mr. Blackington and Mr. Ratcliff for deposition;

(b) An order permitting and authorizing AMG to depose Mr. Blackington and Mr. Ratcliff on the topics listed in its October 20, 2021 request (Ex. A);

(c) Reasonable attorneys' fees and costs; and

(d) All other appropriate, equitable, or remedial relief as the Court considers appropriate.

Respectfully submitted,

*/s/ Andrew M. McNeil*
Andrew M. McNeil (#19140-49)
Tyler J. Moorhead (#34705-73)

Bose McKinney & Evans LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5000
(317) 684-5173 (FAX)
amcneil@boselaw.com
tmoorhead@boselaw.com

*Attorneys for Plaintiff, St. Vincent Medical Group, Inc. d/b/a Ascension Medical Group – Indiana*

4299459